PER CURIAM.
By petition for certiorari review is sought of a judgment entered by the circuit court on an appeal from the small claims court of Dade County. The petitioner was the appellee in the circuit court, and was the plaintiff in the trial court.
On May 10, 1968, the small claims court entered judgment in favor of the defendant, upon finding the plaintiff had failed to submit sufficient proof to sustain her cause of action. On June 20, 1968, the trial court granted plaintiff’s motion for new trial, by an order which did not state any ground. The defendant appealed that order to the circuit court on August 15, 1968.
Certain new rules applicable to proceedings in the small claims court became effective at midnight of September 30, 1968, for causes then pending or thereafter filed, including Rule 7.180(c), reading as follows:
“All orders granting a new-trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, 1he appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.”
On the effective date of Rule 7.180(c) the cause was in an undetermined and pending status in the trial court because a new trial had been ordered, and it was pending also in the circuit court on the appeal to that court.
Thereafter, on January 21, 1969, the circuit court, holding that the order granting new trial was “void and defective” for failure to state the grounds therefor as required by said Rule 7.180(c), reversed the order granting new trial and directed that the final judgment (for the defendant) be reinstated.
The language of the rule was addressed to the appellate court as well as to the trial court, with reference to causes pending on its effective date or filed thereafter. The appellate (circuit) court recognized that Rule 7.180(c) was applicable to the cause, and so applied it as controlling on the trial court, but did not follow the express direction of the rule to the appellate court as to the type of order to be entered in the circumstance presented.
The petitioner argues, and we feel correctly so, that pursuant to the rule in question the order to have been entered on the appeal was one relinquishing jurisdiction to the small claims court to make an order stating the ground or grounds upon which the new trial was granted.
The order entered by the circuit court is quashed and the cause is remanded to that court with direction to enter the appropriate order as called for in such circumstance by Rule 7.180(c).
It is so ordered.